AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA, and R.
& W. Equipment, Inc., Appellants,

v.

ARROW ROAD CONSTRUCTION CO.
and Camco Construction Co.,
Inc., Appellees.

No. 17577.

United States Court of Appeals
Ninth Circuit.

Oct. 30, 1962.

Anderson, McPharlin & Conners and Kenneth E. Lewis, Los Angeles, Cal., for appellant American Cas. Co. of Reading, Pa.

Everett H. Swing, San Bernardino, Cal., for appellant R. & W. Equipment, Inc.

James D. Garibaldi, Warren J. Lane, and Abe Mutchnik, Los Angeles, Cal., for appellee Arrow Road Const. Co.

Before CHAMBERS and BARNES, Circuit Judges, and ROSS, District Judge.

ROSS, District Judge.

This action involves a claim under the Public Buildings and Works Act (Miller Act), sec. 2, 49 Stat. 794 (1935), 40 U.S. C. § 270b (1958), for labor and material furnished to defendants by use-plaintiff Arrow Road Construction Co. (hereinafter Arrow Road). The District Court had jurisdiction pursuant to the provisions of the above mentioned section of the Miller Act, and this Court has jurisdiction under 28 U.S.C. § 1291.

The pertinent facts are as follows:

On or about March 3, 1959, defendant Camco Construction Co., Inc. (hereinafter Camco) entered into a written contract with the United States of America for work at Vandenberg Air Force Base. Defendant American Casualty Company of Reading, Pennsylvania (hereinafter American Casualty) executed and delivered to the United States a payment bond wherein Camco was the principal. Camco subcontracted to defendant R & W Equipment Inc. (hereinafter R & W) certain grading and excavating work required by the prime contract. R & W commenced work but a work stoppage

temporarily prevented it from proceeding with the work.

Arrow Road contends that when it was again possible for the grading and excavating work to be resumed, R & W informed Camco that it was unable to return its machinery and equipment to the project. That Arrow Road's general superintendent met with Camco's general superintendent and with R & W's representative and that the three men worked out an arrangement whereby Arrow Road was authorized to complete the grading and excavating work. That no payment was made to Arrow Road by any of the defendants.

R & W denies that it entered into any agreement whatsoever with Arrow Road. American Casualty asserts that there was no contractual relationship, express or implied, between Arrow Road and Camco, its principal.

After a bench trial the court entered a judgment for Arrow Road and against R & W and American Casualty. However a judgment was not entered against Camco or Elvis O'Neal, a superintendent of R & W. R & W and American Casualty appealed from said judgment.

█ In its brief R & W asserts four contentions. The first contention states that there was a total lack of required proof and the last two refer to the insufficiency of the evidence. We have considered these contentions and hold that they are without merit.

For its fourth contention R & W states that the evidence does not support the findings, and the findings are inconsistent with the conclusions and the judgment. R & W notes that the District Court concluded that Arrow Road is entitled to judgment against R & W and American Casualty, but not against Camco, the principal of American Casualty and gave judgment accordingly.

We agree that the conclusions of law and judgment are inconsistent with the findings. However, the inconsistency relates only to Camco and its surety American Casualty and not to R & W. Therefore, the judgment as to R & W will be affirmed.

█ Turning now to the appeal of American Casualty. American Casualty states that it is a well established rule of suretyship law that if principal and a surety are jointly sued and the action fails as to the principal, the surety is for that reason discharged and judgment against it cannot be taken. As authority for this rule American Casualty cites 50 Am.Jur., Suretyship, sec. 208, p. 1041.

In its brief Arrow Road notes that the cited material contains an exception to the rule discharging a surety where there is a "statutory provision to the contrary."[1] Further, that Indemnity Insurance Co. of North America v. Browning-Ferris Machinery Co., 227 F.2d 804 (5th Cir., 1955), points out that the United States Supreme Court has declared that the general rule is not applicable to Miller Act cases.

In Indemnity the court states:

" '[T]echnical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute [the Heard Act, for which the Miller Act is a substitute]' " Id. at 807.

The court then refers to two United States Supreme Court cases. It is apparent from a reading of these cases as well as Indemnity that the factual situations therein were distinguishable from the present case. Further, we hasten to add that in holding that a surety is discharged where a principal is discharged we are not applying a "technical rule."

It has been stated in a Heard Act case, "that the surety is liable in those cases in which the principal would be liable." Royal Indemnity Co. v. Woodbury Granite Co., 69 App.D.C. 364, 101 F.2d 689, 692 (1938). In a Miller Act case a court said, "the surety is liable wherever the contractor is liable, and to the same extent." United States for Use and Benefit of Miller & Bentley Equipment Co. v.

1. The Miller Act contains no provision relating to this matter.

Kelly, 192 F.Supp. 274, 278 (D. Alaska 1961). In another Miller Act case a court stated, "while the statutes are remedial in character and therefore should be liberally construed, it was not the intention of Congress to extend or enlarge the liability of the surety beyond the contractual or quasi-contractual obligations of the contractor who remains primarily liable." United States for Use of Harrington v. Trione, 97 F.Supp. 522, 526 (D. Colo.1951).

Since the District Court concluded that Arrow Road was not entitled to recover against the principal Camco it is likewise not entitled to recover against American Casualty the surety.

In accordance with this opinion it is, therefore,

ORDERED, that the judgment of the District Court entered in the above entitled action in favor of Arrow Road and against R & W is hereby affirmed. It is,

FURTHER ORDERED, that the judgment of the District Court entered in the above entitled action in favor of Arrow Road and against American Casualty is hereby reversed.